# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

<table>
<tr><td>CHAMBERS OF<br>SUSAN K. GAUVEY<br>U.S. MAGISTRATE JUDGE</td><td>101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>MDD_skgchambers@mdd.uscourts.gov<br>(410) 962-4953<br>(410) 962-2985 - Fax</td></tr>
</table>

June 26, 2014

Jordan Lieberman, Esq.
Steinhardt, Siskind and Associates, LLC
808 Landmark Drive, Suite 227
Glen Burnie, MD 21061

Rod J. Rosenstein, Esq.
Jay C. Hinsley, Esq.
Office of the United States Attorney
6401 Security Boulevard, Room 617
Baltimore, MD 21235

> Re: David Camden v. Carolyn Colvin,
>     Acting Commissioner of Social Security,
>     Civil No. SKG-13-1553

Dear Counsel,

David Scott Camden ("Plaintiff" or "Claimant") filed this action on May 29, 2013 seeking judicial review (R. 1), pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or "SSA") denying his claim for Social Security Disability Insurance ("SSDI") benefits and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383(c) (the "Act"). The undersigned has this case for all proceedings by consent of the parties pursuant to

28 U.S.C. § 636(c) and Local Rules 301 and 302.  (ECF No. 5, 8, 9).

Currently pending before this Court are cross motions for summary judgment and Plaintiff's request, in the alternative, for remand.  (ECF Nos. 15, 17).  No hearing is necessary.  Local Rule 105.6 (D. Md. 2011).  For the reasons stated below, this Court AFFIRMS the Commissioner's ruling and GRANTS defendant Social Security Administration's motion for summary judgment.  Plaintiff David Scott Camden's motion for summary judgment and motion, in the alternative, for remand are DENIED.

## I.  Procedural History

Plaintiff filed an application for SSDI and SSI benefits on October 5, 2009.  (R. 140-150).  Plaintiff meets the insured status requirements through December 31, 2014.  (R. 18).  The SSA denied Plaintiff's claims initially on May 17, 2010 (R. 74-75, 78-85), and upon reconsideration on December 13, 2010.  (R. 76-77, 88-94.)  Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), which took place on March 19, 2012.  (R. 27-73).  On April 3, 2012, the ALJ denied Plaintiff's claim.  (R. 13-26).  The Agency's Appeals Council denied Plaintiff's request for review of the ALJ's decision on April 1, 2013.  (R. 1-5).  Plaintiff filed the instant case on May 29, 2013, pursuant to 42 U.S.C. § 405(g), seeking review of the

final decision of the Commissioner.  (ECF No. 1).  Briefing was complete as of December 24, 2013.  (ECF. No. 17).

## II.  Factual Background

The Court has reviewed the Commissioner's Statement of Facts, and finding that it accurately represents the record in all material respects, hereby adopts it.  (R. 18-26).

## III.  ALJ Findings

In reviewing a claimant's eligibility for SSDI and SSI, the ALJ must consider all evidence in the record and follow the sequential five-step analysis, as set forth in the regulations, to determine whether the claimant is disabled within the meaning of the Act.  20 C.F.R § 416.920(a).[1]  If the agency can make a disability determination at any point in the sequential analysis, it does not review the claim further.  20 C.F.R. § 404.1520(a)(4).  After proceeding through each of the required steps, the ALJ in this case concluded that Plaintiff was not disabled as defined by the Act.  (R. 26).

Plaintiff's sole argument in this appeal pertains to the fifth step of the sequential analysis set out in 20 C.F.R. 404.1520(a)(4).  Accordingly, this Court shall only address that element of the ALJ's findings.  Where, as here, the ALJ

---

[1] Disability is defined in the Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 416(i)(1)(A).

determines that the claimant is unable to resume his past relevant work, the ALJ proceeds to the fifth step of the sequential analysis. This step evaluates whether, in light of vocational factors such as age, education, work experience, and residual functional capacity ("RFC"), the claimant is capable of other work in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). At this step, the burden of proof shifts to the agency to establish that the claimant has the requisite RFC to engage in an alternative job which exists in the national economy. McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The agency must prove both the claimant's capacity to perform the job and that the job is available. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983). Before the agency may conclude that the claimant can perform alternative skilled or semi-skilled work, it must show that he possesses skills that are transferable to those alternative positions or that no such transferable skills are necessary. McLain, 715 F.2d at 869.

Here, the ALJ found that although Plaintiff was unable to perform any past relevant work, based on his age, education, work experience, and RFC, Plaintiff could perform jobs which exist in significant numbers in the national economy. (R. 25-26). In doing so, the ALJ posed the following hypothetical

4

question to the vocational expert ("VE") testifying at Plaintiff's administrative hearing:

> [T]his is an individual who is approximately the claimant's stated age at onset which is about 49 years; has a 12th grade education; is able to read and write at a rudimentary basis and so simple math adding and subtracting and rudimentary meaning write his name and address, that type of thing, fill out a job application and read at a very basic level. … [T]his person would be limited to simple, unskilled work; work that would have only occasional contact with coworkers and the general public; work that's essentially isolated with only occasional supervision; work that is not at a production pace – to me, that means paid by the piece or working at an assembly line; and finally, low-stress work defined as only occasional changes in the work setting and only occasional need to make decisions or to use judgment. … Would there be any simple unskilled work such a person could do in the regional and/or national economy that would fit within the parameters of the hypothetical?

(R. 68-70.) Based on the testimony of the VE, the ALJ determined that Plaintiff could perform the requirements of representative occupations such as "stock clerk" (3,000 jobs locally and 250,000 jobs nationally); "non-governmental mailroom clerk" (2,000 jobs locally and 210,000 jobs nationally); and "machine tender, non-piece work" (150 jobs locally and 65,000 jobs nationally). (R. 26). The VE provided the DOT numbers corresponding to these representative occupations in his testimony. (R. 70-71); DOT § 922.687-058, 1991 WL 688132 (Stock Clerk); DOT § 209.687-026, 1991 WL 671813 (Mail Clerk); DOT §

652.685-038, 1991 WL 685750 (Machine Tender).  Thus, the ALJ concluded that Plaintiff was not disabled, as defined under the Act, from the onset date of June 18, 2009, through the date of denial of disability services.  (R. 26).

## IV.  Standard of Review

The function of this Court on review is to leave the findings of fact to the agency and to determine upon the whole record whether the agency's decision is supported by substantial evidence, not to try Mr. Camden's claim *de novo*.  King v. Califano, 599 F.2d 597, 598 (4th Cir. 1979).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if the ALJ employed the proper legal standards.  42 U.S.C. §§ 405(g), 1383(c)(3) (2001); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Substantial evidence "consists of more than a scintilla of evidence but may be somewhat less than a preponderance."  Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).  It is "such relevant evidence as a reasonable mind might accept to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotations omitted).

In reviewing the decision, this Court will not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner.  Craig, 76 F.3d at 589; Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.

6

1990). The Commissioner, as fact finder, is responsible for resolving conflicts in the evidence. Snyder v. Ribicoff, 307 F.2d 518, 520 (4th Cir. 1962). If the Commissioner's findings are supported by substantial evidence, this Court is bound to accept them. Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir 1962).

Despite deference to the Commissioner's findings of fact, "a factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). The Court has authority under 42 U.S.C. § 405(g) to affirm, modify, or reverse the decision of the agency "with or without remanding the case for a rehearing." Melkoyan v. Sullivan, 501 U.S. 89, 98 (1991).

## V. Discussion

Plaintiff's sole argument on appeal is that the ALJ improperly relied on the testimony of the VE in her determination that there are occupations in the national economy that the Plaintiff can perform. (ECF No. 15, 7-11); 20 C.F.R. § 416.920(a). Plaintiff claims that the VE's testimony was inconsistent with the Dictionary of Occupational Titles ("DOT"). (ECF No. 15, 7-11). Specifically, Plaintiff asserts that his cognitive limitations preclude him from performing the representative occupations recommended by the VE during the

administrative hearing and identified by the ALJ in her
decision.  (Id. at 9).  Plaintiff relies on the aptitude
requirements within the DOT representative occupation
descriptions, for example, "General Learning Ability" and
"Verbal Aptitude," which include the following limitation "Level
4-Lowest 1/3 Excluding Bottom 10%."  See, e.g., DOT § 922.687-
058, 1991 WL 688132 (Stock Clerk); DOT § 209.687-026, 1991 WL
671813 (Mail Clerk); DOT § 652.685-038, 1991 WL 685750 (Machine
Tender).  On this point, Plaintiff points to his Wechsler Adult
Intelligence Scale-IV ("WAIS-IV") test results (R. 262, 270),
Global Assessment of Functioning ("GAF") score (R. 264, 326),
and two psychological examinations indicating Plaintiff's
general intellectual functioning falls in a range consistent
with a mild level of mental retardation, (R. 261-266, 269-272),
to establish that he is in the bottom ten percent of the
population, and thus, precluded from performing the
representative occupations.  (ECF No. 15, 10-11).  Accordingly,
Plaintiff contends that the ALJ's decision was not supported by
substantial evidence.  (Id. at 7-11).

In response, Defendant argues that the ALJ properly relied
on the VE's testimony and the ALJ's decision was supported by
substantial evidence, because the ALJ's RFC assessment and the
hypothetical question to the VE were consistent with both
psychological examinations and Plaintiff's WAIS-IV and GAF

scores.  (ECF No. 17, 8-9).   Further, Defendant claims that the
VE identified representative occupations consistent with the
ALJ's RFC analysis and Plaintiff has not presented any evidence
controverting the VE's testimony.  (Id. at 8-9, 11-12).

Plaintiff's argument in support of summary judgment, or,
alternatively, remand, is a novel one which has not been
addressed by this District or the Fourth Circuit.   Pursuant to
Social Security Ruling ("SSR") 00-4P, ALJs have an affirmative
responsibility to inquire as to whether the testimony of a VE is
consistent with the DOT.  SSR 00-4P, 2000 WL 1898704.   If there
is an "apparent unresolved conflict" between a VE's testimony
and the DOT, an ALJ is required to "elicit a reasonable
explanation for the conflict before relying on the VE's evidence
to support a determination or decision about whether the
claimant is disabled."  (Id.).  "This circuit requires remand
when an ALJ relied on improper VE testimony."  Walls v.
Barnhart, 296 F.3d 287, 291 (4th Cir. 2002) (citing English v.
Shalala, 10 F.3d 1080, 1084-1085 (4th Cir. 1993)).

Here, the ALJ satisfied this duty when she asked the VE
whether his testimony was consistent with the DOT.  (R. 71); See
Fisher v. Barnhart, 181 Fed. Appx. 359, 365 (4th Cir. 2006)
("Specifically, the ALJ 'will inquire, on the record, as to
whether or not there is such consistency.'"); Walls v. Barnhart,
296 F.3d 287, 291 (4th Cir. 2002)("[T]he court deemed the VE

testimony sufficient only after noting "that the VE testimony was given in response to a hypothetical 'asked expressly,' with 'clearly stated ... conditions.'") (quoting Walls v. Barnhart, No. JFM 00-3375, mem. op. at 6 (D.Md. Oct. 4, 2001)).  There is no apparent conflict between the VE's testimony and the DOT.  A review of the hearing transcript indicates that the ALJ's hypothetical incorporated the appropriate skill level and nonexertional limitations.  (R. 68-69).  Upon consideration of Plaintiff's records, the ALJ's RFC assessment, and Plaintiff's testimony during the administrative hearing, the VE testified that Plaintiff could perform three representative unskilled occupations: stock clerk, non-governmental mailroom clerk, and machine tender, non-piece work.  (R. 26, 70-71).

In fact and critically, the aptitude requirements relied upon by Plaintiff were published in the Department of Labor's Revised Handbook for Analyzing Jobs and were not published in the DOT.  See U.S. Dep't of Labor, Revised Handbook for Analyzing Jobs (1991); U.S. Dep't of Labor, Dictionary of Occupational Titles (4th ed. 1991); U.S. Dep't of Labor, Dictionary of Occupational Titles, http://www.oalj.dol.gov/libdot.htm (last visited June 26, 2014). Plaintiff's counsel acknowledged as much.[2]  (ECF No. 19).  The

---

[2] In conceding this point, Plaintiff further argued in his response to the Order of the Court dated June 23, 2014 that his

SSA has not taken administrative notice of the <u>Revised Handbook</u> <u>for Analyzing Jobs</u> to determine whether jobs exist in the national economy.  <u>See</u> 20 C.F.R §§ 404.1566(d), 416.966(d).

The courts are split in their treatment of the aptitude requirements published in the <u>Revised Handbook for Analyzing</u> <u>Jobs</u>.  The Court of Appeals for the Third Circuit rejected an argument similar to that of Plaintiff on this basis.  <u>Burns v.</u> <u>Barnhart</u>, 312 F.3d 113, 128 (3d Cir. 2002) ("[A]ptitude levels are not in the DOT or any other source of which the Social Security Administration has taken administrative notice. Therefore, the DOT and testimony of the vocational expert was not necessarily inconsistent in this regard, so the duty on the part of the ALJ to inquire into conflicts did not arise"); <u>see</u> <u>also</u> <u>Brabant v. Colvin</u>, No. EDCV 13-00323 AN, 2013 WL 6442666, at *1 (C.D. Cal. Dec. 6, 2013) ("[T]he Handbook [<u>Revised</u> <u>Handbook for Analyzing Jobs</u>] makes no mention of utilizing a claimant's IQ score to determine her level of aptitude … nor is the Handbook a source from which the Social Security

---

academic achievement tests performed by Dr. Rodriguez on April 5, 2010 were inconsistent with the language development level listed in each of the representative occupations identified by the VE.  (ECF No. 19, 2-4).  Plaintiff failed to identify authority supporting this assertion and evidence in the record indicating that his language ability does not meet the language development levels of the representative occupations identified by the VE.  (<u>Id.</u>).  The VE testified that Plaintiff could perform the representative occupations upon consideration of Plaintiff's records, the ALJ's RFC assessment, and Plaintiff's testimony during the administrative hearing.  (R. 34-37, 67-71).

Administration has taken notice of."); <u>Antle v. Comm'r of Soc.</u>
<u>Sec. Admin.</u>, No. 3:10-CV-02136-BF, 2012 WL 833200, at *8-10
(N.D. Tex. Mar. 12, 2012) (citing <u>Gaspard v. Comm'r Soc. Sec.</u>
<u>Admin.</u>, 609 F.Supp.2d 607, 613 (E.D.Tex. 2009) ("'But in the
absence of proof that the Commissioner takes administrative
notice of RHAJ information, or otherwise embraces it as
authoritative, the court cannot connect the dots in such a way
as to conclude that a RHAJ-based conflict runs afoul of either
circuit law or Soc. Sec. R. 00-4P…'")).

In addition, numerous district courts have rejected this
argument that exclusions pertaining to the bottom percentiles of
the national population are valid proxies for determining
whether a claimant's limitations preclude claimant from
performing the DOT representative occupations. <u>See Bowie v.</u>
<u>Colvin</u>, No. 12-0205, 2013 WL 1912913, at *10 (D. Me. March 31,
2013) (rejecting argument that VE testimony was inconsistent
with a DOT occupation with a general learning ability aptitude
excluding the "bottom 10%" when Plaintiff's IQ was in the 4.2
percentile finding no apparent discrepancy); <u>Wilson v. Astrue</u>,
834 F.Supp.2d 1295, 1302-1303 (N.D. Ok. 2011) (rejecting the
argument that borderline intellectual functioning is correlated
with the "bottom 10%"); <u>Vasquez v. Astrue</u>, No. CV 08-5305-OP,
2009 WL 3672519, at *3 (C.D. Cal. Oct. 30, 2009) (rejecting the
argument by reasoning that Claimant could perform the

representative occupations because Claimant's RFC was consistent
with the General Learning Abilities ("GLA") of each occupation
and "the Court is unaware of, any authority suggesting that
borderline intellectual functioning, even at the lowest ten
percent of the population, is equivalent or comparable to GLA
aptitude scales"); Gibson v. Astrue, No. CV 06-5046, 2008 WL
5101822, at *5 (C.D. Cal. Nov. 30, 2008) (rejecting Claimant's
argument that borderline intellectual functioning correlated to
the "bottom 10%" finding "nothing in the DOT suggests that a
Level 4 GLA excludes those within the bottom 10% of intellectual
functioning, let alone the bottom 10% of the intellectual
functioning of the *general* population" and the record
demonstrated Claimant had the RFC to perform the jobs identified
by the VE).  The Court agrees with the reasoning of these courts
and rejects Plaintiff's contention that the ALJ failed to
establish that there are representative occupations in the
national economy that Plaintiff can perform.

A minority of courts have remanded cases based on an
argument similar to Plaintiff's argument in this case.  See
Gurney v. Soc. Sec. Admin. Comm'r, 880 F. Supp. 2d 174, 177 (D.
Me. 2012) (holding the ALJ's decision was not supported by
substantial evidence even though the mental health expert and
ALJ incorporated Plaintiff's IQ in their RFC findings because
the VE testified that a person with an IQ in the seventh

percentile would have difficulty performing such jobs); Frazee
v. Barnhart, 259 F. Supp. 2d 1182, 1198-99 (D. Kan. 2003)
(remanding the case because the "ALJ failed to elicit testimony
from the VE to explain actual and apparent conflicts between the
VE evidence and information contained in the DOT"). The Court
finds the Burns decision to be persuasive and declines to follow
the aforementioned decisions.

This case is distinguishable from Gurney and Frazee. In
Gurney, the Plaintiff's attorney cross-examined the VE on the
conflict between the identified DOT jobs excluding the "bottom
10%" and Plaintiff's IQ score in the seventh percentile and a
verbal comprehension score in the eighth percentile. Gurney,
880 F. Supp. 2d at 177-79. The VE testified that an individual
with such scores would have difficulty performing those jobs.
Id. Unlike in Gurney where the ALJ disregarded the VE's
testimony acknowledging the conflict, Id. at 179-80, the VE
testified here that his analysis was consistent with the DOT and
Plaintiff Camden would be able to perform the representative
jobs. (R. 70-71). Although the Frazee Court remanded the case
on the basis that the ALJ failed to address whether Claimant's
IQ in the eighth percentile correlated to the "bottom 10%,"
Frazee, 259 F. Supp. 2d at 1198-99, the Court declines to do so
here, as the SSA has not taken administrative notice of the

aptitude levels and the aptitude levels are not grounds for appeal.  Burns v. Barnhart, 312 F.3d 113, 128 (2002).

Accordingly, there is sufficient evidence in the record supporting a conclusion that Plaintiff has the residual functional capacity to perform the representative occupations identified by the VE.  Consequently, summary judgment in favor of Defendant is appropriate.

## VI.  Conclusion

For the foregoing reasons, Defendant has established its entitlement to summary judgment.  Accordingly, the Court AFFIRMS the Commissioner's ruling and GRANTS defendant Social Security Administration's motion for summary judgment.  Plaintiff David Scott Camden's motion for summary judgment and motion, in the alternative, for remand are DENIED.

Despite the informal nature of this letter, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Sincerely yours,

/s/

Susan K. Gauvey
United States Magistrate Judge